IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD C. NITZ**,

**Petitioner,**

**v.**

**DONALD HULICK,**

**Respondent.**                                              **No. 07-0520-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Respondent's Hulick's motion to reconsider (Doc. 24). Specifically, Hulick moves to reconsider the Court's January 9, 2008 Order granting Nitz's motion for stay of proceedings. Nitz opposes the motion (Doc. 28). Based on the following, the Court denies Hulick's motion.

On July 20, 2007, Richard C. Nitz, an inmate housed at the Menard Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) challenging the constitutionality of his confinement (Doc. 2). Nitz argues that he was denied the opportunity to an impartial jury during the retrial of his state charge for first degree murder. Thereafter, Nitz filed an amended petition on December 12, 2007 (Doc. 21). The amended petition added a claim of ineffective assistance of trial counsel. That same day, Nitz also filed a motion to stay proceedings or dismissal without prejudice of a time to bar re-file after exhaustion

of state remedies (Doc. 22).[1] Specifically, Nitz argues that the Court should stay or dismiss without prejudice of a time bar to re-file after exhaustion of state remedies because the Illinois Supreme Court's 2006 sua sponte determination that Nitz's claim of an impartial jury had been defaulted by his trial counsel's failure to alert the circuit court to the content of a letter from the jury foreman must be viewed as good cause for his proposed return to state court. Nitz further argues that the Illinois Supreme Court's ruling came long after the time limit for filing an initial collateral attack and that a successive petition for state post-conviction relief is the only forum in which he can assert the merits of his claim as a component of the constitutional right to effective counsel. On January 9, 2008, the Court granted Nitz's motion to stay and stayed the case pending exhaustion of his state court remedies (Doc. 23).

Hulick moves to reconsider the Court's Order granting the stay (Doc. 24). Hulick argues that a stay and abeyance is inappropriate in this case. Hulick contends that Nitz does not have good cause and that the unexhausted claim lacks merit. In particular, Hulick argues that it was clear that the factual basis of the ineffective assistance of counsel existed at the time of Nitz's direct appeal, he could have and should have addressed it then. He further argues that Nitz's claim lacks merit as the state court will likely deny the petition as untimely and will not surmount the bar against successive petitions. Nitz counters that he has met the

---

[1] On July 5, 2007, Nitz filed a second petition for post-conviction relief in the circuit court, alleging that he had been unable to present the jury foreman's latter to the trial court because it was sealed and counsel did not know about it until the case was on appeal. Thereafter on November 10, 2007, Nitz filed a motion for leave to file a second petition for post-conviction relief in the circuit court based on ineffective assistance of counsel.

elements for stay. Nitz contends that appellate counsel for the State of Illinois did not raise the clear defense of forfeiture in the appellate court despite two opportunities to do so. Nitz further contends that once the State waived the defense of default and the appellate court reached the merits, there was no factual or legal basis for such a claim. The Court agrees with Nitz.

## II. Analysis

Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. **See 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982)**. For many years, federal courts dismissed such petitions without prejudice under ***Rose***, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. **See *Rhines v. Weber,* 544 U.S. 269, 275 (2005)**. Because the filing of a federal habeas petition does not toll the statute of limitations, ***Duncan v. Walker,* 533 U.S. 167, 181-82 (2001)**, a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. **See *Rhines,* 544 U.S. at 275**.

Furthermore, the barriers to filing a second habeas corpus petition, which requires advance approval from the Seventh Circuit, are high. **See 28 U.S.C. § 2244(b)(2) (a claim in a successive habeas application under § 2254 will be dismissed unless it "relies on a new rule of constitutional law, made retroactive**

**to cases on collateral review by the Supreme Court, that was previously unavailable; or ... the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and ... the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"**). Under certain circumstances, a federal district court "has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." **Rhines, 544 U.S. at 271-72**. In fact, it may be considered an abuse of discretion for a district court to refuse to grant a stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." **Id. at 278**.

Nitz appears to have had good cause for his failure to exhaust his theory of ineffective assistance of counsel. In his amended habeas petition, Nitx contends that he failed to exhaust his new claim of ineffective assistance of counsel because no factual or legal basis for the ineffective assistance of counsel claim was available to him after direct appeal resulted in a ruling on the merits. Nitz should have a reasonable opportunity to pursue this claim in state court before the Court decides his amended habeas petition. Moreover, Nitz has already filed a motion for leave to

file a second petition for post-conviction relief in the circuit court based on this claim. Furthermore, Nitz claim is not clearly meritless, and there is no indication that he is bringing them to delay litigation intentionally.

### III. Conclusion

Accordingly, the Court **DENIES** Hulick's motion to reconsider (Doc. 24). The Court **STAYS** this matter pending Nitz's exhaustion of state remedies. Nitz shall have thirty days from the conclusion of his state court proceedings to file a motion to lift the stay in this matter.

**IT IS SO ORDERED.**

Signed this 24th day of April, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**