**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RICHARD C. NITZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-cv-520-DWD** |
| | ) | |
| **CHRISTINE BRANNON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER OF DISMISSAL**

**DUGAN, District Judge:**

On July 20, 2007, Petitioner Richard C. Nitz, through counsel, filed his Petition for Writ of Habeas Corpus seeking relief pursuant to 28 U.S.C. § 2254 to challenge the conditions of his confinement (Doc. 2). On January 9, 2008, this case was stayed to allow Petitioner to exhaust his state court remedies (Doc. 23). Thereafter, Petitioner was directed to file a motion to lift the stay in this matter within 30-days after the conclusion of his state court proceedings (Doc. 33), and to file regular status reports with the Court. Petitioner continues to be represented by Counsel.

In October 2020, this case was reassigned to the undersigned (Doc. 75). At that time, Petitioner was in the process of appealing the state court's denial of his postconviction petition following a limited order of remand (Doc. 77). On March 31, 2022, the Illinois Supreme Court denied Petitioner's petition for leave to appeal (Doc. 91). Despite this denial, the parties did not file a timely status report with the Court, so the

Court directed the parties to file a status report by August 5, 2022, detailing the parties' positions on the current stay of proceedings (*Id.*).

On August 5, 2022, Respondent filed a status report (Doc. 92). Respondent asked that the Court lift the stay of proceedings and allow Petitioner an opportunity to file an amended habeas petition (Doc. 91). However, Petitioner's counsel asked that the Court grant her additional time to confer with her client (*Id.*). The Court thus set a deadline of November 30, 2022, for Petitioner's counsel to confer with her client and report to the Court (Doc. 93). Specifically, the Court directed Petitioner "to file an amended habeas petition or other notice with the Court indicating whether Petitioner intends to proceed with his petition" by November 30, 2022 (*Id.*). The Court did not receive any communications or filings from Petitioner or his counsel by that deadline.

Having received no further filings or communications from Petitioner, the Court entered its Show Cause Order on December 1, 2022, directing Petitioner to show cause in writing, by December 15, 2022, why his petition should not be dismissed (Doc. 94). In that order, the Court warned that Petitioner that a failure to respond to the Order to Show Cause could result in dismissal of this action (*Id.*). Petitioner has not responded to the Court's Order, and the time for doing so has now passed.

To date, the Court has received no further correspondence concerning this matter. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed without prejudice for a failure to comply with a Court Order (Doc. 94) and a failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417

F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

This action is therefore **DISMISSED, without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: December 19, 2022

DAVID W. DUGAN
United States District Judge